## WILLIAMS vs. DAVIS.

After an estate has been fully administered, and the final account of the administrator settled by the county court, and an order of distribution made, one of the heirs may maintain an action against the administrator personally for his distributive share of the estate, if not paid over in accordance with the order.

The remedy by action upon the administrator's bond (sec. 3, ch. 104, R. S.) is cumulative, and not inconsistent with the primary personal liability of the administrator.

APPEAL from the Circuit Court for *Waukesha* County.

The plaintiff brought this action as one of the heirs at law of John Davis, Sr., deceased, against *John Davis, Jr.*, administrator of the estate of said deceased, to recover her distributive share of the estate. The complaint alleges that after the estate had been fully administered upon, the debts paid, and the final account of the administrator rendered, the probate court of said county made an order, reciting that there remained in the hands of said administrator $704.62, and that the widow and said *John Davis, Jr.*, and the plaintiff, were " all the legal heirs and representatives of the heirs" of said deceased, who were by law entitled to the residue of said estate ; and directing the administrator to pay over to the widow and the plaintiff, each, $234.87 as their distributive shares of said estate.

The defendant demurred to the complaint as not stating a cause of action, and also on the grounds that the circuit court had no jurisdiction of the subject, and that there was a defect of parties defendant. The demurrer was overruled ; and the defendant appealed.

*A. Cook*, for appellant.

*Hawkins & Lyman* for respondent.

*By the Court*, COLE, J. Doubtless the administrator is liable to the respondent for her share of the personal estate. It appears that he has fully administered upon the estate, paid all debts, and rendered his final account, which has been examined and settled by the county court, and that an order of distribution has been made. The administrator, then, has nothing more to do, to close up the estate, but to pay over the moneys in his hands belonging to the heirs according to the order of distribution. This he refuses to do. Cannot the respondent, who is one of the heirs, maintain an action directly against the appellant to recover her share of the personal estate, which the county court has ordered and directed him to pay her ? It seems to us that she can. He is in every view under a legal

and equitable obligation to pay over to her this amount of money. It belongs to her, and the administrator has no right to retain it from her. We fail to see any rule or principle of law which prevents the respondent from maintaining the action under the allegations of the complaint.

It is however claimed that the administrator is not personally liable under the facts stated in the complaint, but that the only remedy of the aggrieved party is by an action upon the administrator's bond. And section 3, chap. 104, R. S., is relied on in support of this position. That section provides that an action may be brought on the bond by any person or next of kin to recover his share of the personal estate after an order or judgment of the county court declaring the amount due him, if the executor or administrator shall fail to pay the same when demanded. But this undoubtedly is a cumulative remedy given to those who are interested in the settlement and distribution of estates. There is nothing in the statute which justifies the inference that the action upon the bond was designed to be the only remedy of the party under such circumstances. The administrator is of course primarily liable to the heir for her share of the estate. If the money cannot be made out of him, then she may resort to an action on the bond and recover it from the sureties. But it surely does not lie in the mouth of the administrator to say that the action must be upon his bond and against him and his sureties, where the party elects to recover the money of him, if possible, in the first instance. The money is in the hands of the administrator; he, in law and equity, owes the debt and should pay it. And the fact that the legislature has seen fit to provide that the heir may recover his share of the personal estate by an action upon the bond, affords no ground for saying that the administrator is not personally liable.

If a position resting upon such plain and obvious principles needed any support, it would be found in another provision of the statute. By section 44, chap. 101, R. S., it is provided

that whenever an order or judgment shall have been made by the county court for the distribution of the assets among the creditors, the executor or administrator, after the time of payment shall arrive, shall be personally liable to the creditors for their debts, or the dividend thereon, as for his own debt, or shall be liable upon his bond, and the same may be sued on the application of a creditor whose debt is not paid. This manifestly is to secure a prompt settlement of estates by enabling creditors to collect their debts either by suing the administrator or prosecuting the bond, when an order of distribution is made and before the administration is closed. It will be seen that the statute makes the administrator liable under such circumstances as *for his own debt.* So, in complete harmony with this provision, and by all analogies, after the estate is settled, debts paid, a final account rendered, which is settled and allowed by the county court, and an order of distribution made, the administrator may, with strict propriety, be said to *owe* the heir his share of the personal estate, and, on failing to pay the same, should be held liable therefor in an action against him directly.

It follows from these views that the demurrer to the complaint was properly overruled.

The order overruling the same is therefore affirmed, with costs.